IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:20-cv-1007-ECM |
| | )  (wo) |
| GREGORY TODD DORRIETY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (doc. 54), regarding the Defendants' motion for summary judgment (doc. 48), and on the Plaintiff's objections thereto (doc. 55).

Following an independent evaluation and *de novo* review of the file in this case, the Court finds the objections to be without merit and due to be overruled and that the motion for summary judgment is due to be granted.

Plaintiff Michael Walker ("Walker") brings suit against Gregory Todd Dorriety, James Sanders, Travis Cauthen, Jerome Niles, and Tyler Johnson in their individual capacities. Walker brings claims pursuant to 42 U.S.C. §1983 and state law, stemming from his arrest for public intoxication, for which he was later convicted. The Defendants invoke federal qualified immunity and state-agent immunity.

In the Recommendation, the Magistrate Judge concluded that although Walker signed his opposition to the motion for summary judgment, and his signature was notarized, because Walker did not swear to the truth of the statement's contents, or make a statement

under penalty of perjury, his opposition could not be considered as evidence in opposition to the motion for summary judgment. (Doc. 54 at 4) (citing *Roy v. Ivy*, 53 F.4th 1338, 1350 (11th Cir. 2022)).  The Magistrate Judge, considering the unrefuted evidence of probable cause to arrest and of the reasonable use of force to effectuate the arrest, as well as the lack of evidence of deliberate indifference to serious medical needs, recommended that summary judgment be granted on all of Walker's federal and state claims.

Walker's objections to the Recommendation, like his opposition to the motion for summary judgment, consist of signed statements, including one with a certification by a notary public, that files attached to the statement are originals. (Doc. 55 at 1).  The statements by Walker, however, are unsworn.  Statements that are not sworn and that are not made under penalty of perjury are not sufficient, for purposes of the motion for summary judgment, to refute the Defendants' evidence. FED. R. CIV. P. 56 (e)(2); *see also Roy*, 53 F.4th at 1350.

While there is evidence in the record that Walker suffered a broken leg, (doc. 36-3 at 6), Walker did not present that evidence in opposition to the motion for summary judgment, so the Magistrate Judge did not consider it. (Doc. 54 at 23).  Even considering that evidence, the Court agrees with the Recommendation that the unrefuted testimony of the Defendants supports that the officers were unaware of any injury to Walker, but called the paramedics, who cleared Walker for transport to the jail, entitling the Defendants to summary judgment on the deliberate indifference claim. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1327 (11th Cir. 2007) (explaining that to prove deliberate indifference, a "[p]laintiff must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard

of that risk; (3) by conduct that is more than [gross] negligence.")(alteration in original). The unrefuted testimony of the Defendants also is that there was probable cause to arrest Walker and that only necessary force was used to subdue Walker until he was handcuffed. Walker has failed, therefore, to create a question of fact as to probable cause, the reasonable use of force, and the lack of deliberate indifference to serious medical needs sufficient to preclude summary judgment on his claims for violation of federal and state law. Accordingly, it is hereby ORDERED as follows:

1. The Objections (doc. 55) are OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge (doc. 54).

3. The motion for summary judgment (doc. 48) is GRANTED.

A separate Final Judgment will be entered.

Done this 13th day of March, 2023.

        /s/ Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE